UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-61297-CIV-SINGHAL/VALLE

PANGEA MERX, LLC, a Florida Limited
Liability Company,

    Plaintiff,

v.

C.B.I.SPA, an Italian corporation;
ONLYMOSO HARVEST, LLC, a Florida
Limited Liability Company; ONLYMOSO
U.S.A. CORP, a Florida corporation;
ONLYMOSO U.S.A. MARKETING, LLC, a
Florida Limited Liability Company;
FABRIZIO PECCI; and ROBERTO
SEMINARA,

    Defendants.
_____/

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS CAUSE** has come before the Court upon a *sua sponte* review of the record. "Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (internal quotation marks omitted). In this case, the alleged basis for the exercise of federal jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. *See* Amended Compl. ¶ 15 (DE [18]). However, upon review of the record, complete diversity of citizenship is lacking.

The Amended Complaint alleges that Plaintiff is a Florida Limited Liability Company. *Id.* ¶ 19. The Amended Complaint further alleges that Defendant C.B.I.SPA is an Italian corporation, ONLYMOSO Harvest, LLC is a Florida Limited Liability Company,

ONLYMOSO U.S.A. Corp. is a Florida corporation, ONLYMOSO U.S.A. Marketing, LLC is a Florida Limited Liability Company, Defendant Fabrizio Pecci is an Italian citizen, and Defendant Roberto Seminara is a resident of Florida. *Id.* ¶¶ 20–26.

Under 28 U.S.C. § 1332, federal courts may exercise diversity jurisdiction in civil actions where the case is between citizens of different states and the amount in controversy exceeds $75,000. It is a fundamental principle of law that this statute requires complete diversity of citizenship, "[t]hat is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Thus, "diversity jurisdiction is not [] available when **any plaintiff** is a citizen of the same State as **any defendant**." *Id.* at 374 (citations omitted) (emphasis added).

Here, Plaintiff asserts that it is a "duly organized Florida Limited Liability Company." *See* Amended Compl. ¶ 19. Thus, Plaintiff is a citizen of Florida. If any one defendant is also a citizen of Florida, complete diversity is destroyed. Defendant ONLYMOSO U.S.A. Corp. is a Florida corporation. *Id.* ¶ 21. Defendant ONLYMOSO Harvest, LLC is a Florida Limited Liability Company. *Id.* ¶ 22. Defendant ONLYMOSO U.S.A. Marketing, LLC is a Florida Limited Company. *Id.* ¶ 23. And finally, Defendant Roberto Seminara is a resident of Florida. *Id.* ¶ 26. Thus, complete diversity is absent. Because no other basis for federal subject matter jurisdiction is asserted, *see* Amended Compl. ¶ 15 (DE [18]), this Court lacks subject matter jurisdiction over this case. Accordingly, it is

**ORDERED AND ADJUDGED** that **THIS CAUSE** is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of April 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF